UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 13-59245 |
| **The Neff Volunteer Fire Department,** ) | Chapter 11 |
| ) | Judge Caldwell |
| Debtor. ) | |

## UNITED STATES OBJECTION TO DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

The United States of America, on behalf of the Internal Revenue Service ("Service"), by and through its attorney, Carter M. Stewart, United States Attorney, hereby objects to Debtor's proposed Disclosure Statement and Plan of Reorganization ("Plan") filed on July 19, 2015. The Service has a pre-petition claim against Neff Volunteer Fire Department ("Debtor") in the total amount of $973,027.64 - $669,974.72 being secured, $131,044.09 being priority, and $172,008.83 being general unsecured. *See* proof of claim no. 1-3. No objection has been made to the Service's claim, so it is deemed allowed under 11 U.S.C. § 502(a).

Debtor does not have the income to propose a plan that meets the minimum requirements of the Bankruptcy Code. The Plan heavily relies on income derived from an oil and gas lease with Paloma Partners III, LLC ("Paloma"). However, it has been almost 2 years since the case was filed and we have no more certainty as to when drilling will begin than we did on the petition date. Debtor is simply not a good fit for a Chapter 11 case and should not continue to incur the expenses associated with a Chapter11 case when there is no hope of proposing a confirmable plan. As such, its case should be dismissed.

**Plan is Not Feasible**: While it is not the Service's intention or desire to put Debtor out of business, the proposed plan is speculative, and is not feasible or confirmable based on the amount of the Service's secured or priority claims. Although the Debtor assumes the oil and gas royalty payments will start the third quarter of 2016, it admits on p. 6 of the Disclosure Statement that

1

Debtor cannot be certain when drilling will commence or when funds will flow from the oil and gas lease.

Debtor's most recent Monthly Operating Report for the period ending May 2015 reflects a cumulative net income of $343,383 (before depreciation expense). The net income includes proceeds of $394,821 which was paid to the Debtor as a one-time payment by Paloma Partners III, LLC pursuant to the oil and gas lease. Debtor's net operating profit since filing bankruptcy in November 2013, and for a period of approximately 18 months, is $181,459 (before depreciation expense). If the oil and gas drilling income does not commence as anticipated, it's not possible that Debtor could pay the secured and priority claim of the taxing authorities from net operating profit alone.

Clearly, the Debtor cannot fund a confirmable Plan under these circumstances and, as such, cannot sustain its burden of proof under 11 U.S.C. § 1129(a)(11) to establish that the Plan "offers a reasonable assurance of success . . . firmly rooted in predictions based on operative fact." *In re Griswold Building, LLC*, 420 B.R. 666, 696-697 (Bankr. E.D. Mich. 2009); *see also*, *In re Hurricane Memphis, LLC*, 405 B.R. 616 (Bankr. W.D. Tenn. 2009).

> In order to present a reasonable assurance of success, the court must be able to determine "whether the things which are to be done under confirmation can be done as a practical matter under the facts." . . . [ellipsis in original]   The Court must determine that the debtor's financial projections presented to support the plan of reorganization are 'derived from realistic and reasonable assumptions which are capable of being met.'"

*Id*. at 625; *see also*, *Bowman v. Bond (In re Bowman)*, 253 B.R. 233, 239 (B.A.P. 8th Cir. 2000)("In other words, 'sincerity, honesty, and willingness are not sufficient to make a plan feasible, and neither are visionary promises.'"); *In re Yates Development, Inc.*, 258 B.R. 36 (Bankr. M.D. Fla. 2000)(basing feasibility on Section 1123(a)(5)).  Debtor – by its own admission – cannot meet this standard.

**Plan Fails to Provide for Full Payment Within 5 Years**: The plan fails to provide for the United States to receive full payment, including interest at a rate that reflects the risk of default, on its secured claim. The United States has not accepted Debtor's Plan. Pursuant to 11 U.S.C. § 1129(b)(2)(A)(i)(II), secured claims are to be paid in full in the form of deferred cash payments. Any tax that would otherwise be classified as secured priority must be paid within 5 years of the petition date, being November 21, 2013. 11 U.S.C. §§ 1129(a)(9)(C) and 1129(a)(9)(D). Although Debtor's Disclosure Statement, specifically pages 10 through 12, and the Plan, specifically page 3, indicate that the Service's claim will be paid in full by quarterly payments, the reliance on the potential oil and gas drilling income may not result in full payment of the Service's secured claim within the timeframe required by the Bankruptcy Code.[1] Further, even with the hoped for drilling income, the claim will not be paid in full by November 21, 2018.

**Plain Fails to Provide for Interest on Secured and Priority Claim**: Pursuant to 11 U.S.C. 1129(a)(9)(C)(i), the Plan should provide for interest on the secured and priority claims at the rate provided for the payment of delinquent tax obligations as set forth in 26 U.S.C. §§ 6601(a) and 6621 at the time of plan confirmation. There does not appear to be a provision in the Plan providing interest.

**Inaccurately Lists Amount of Service's General Unsecured Claim:** While the proposed Plan provides for 5% dividend to the Service's general unsecured claim, there is conflicting information as to the amount of the Service's general unsecured claim amount. Information provided on page 14 of the Disclosure Statement and on page 2 of the Chapter 11 Plan indicates that the Service's general unsecured claim amount is $52,992.22. The Service has a general

---

[1] Paragraph E on page 6 of the Disclosure Statement indicates that Debtor is holding advance proceeds from Paloma Partners III, LLC in the amount of $394,821, to be paid to the Service. However, paragraph C on page 10 of the Disclosure Statement indicates that the Service will receive $223,367 from the remaining advance proceeds.

3

unsecured claim of $172,008.83.

**Plans Fails to Provide for Payment of Administrative Claim**: The Plan appears to fail to meet the requirements of 11 U.S.C. § 1129(a)(9)(A). All unpaid administrative expenses, including taxes incurred by the bankruptcy estate, must be paid on the Effective Date of the confirmed plan. Debtor has accrued post-petition penalties and interest related to Form 1120 U.S. Corporation income tax return, for 2014, and Form 940, Federal Unemployment Tax Return, for 2014. The total amount due as of August 25, 2015 is $7,503.74. Debtor has been advised of the post-petition liabilities and has neglected to pay as requested. Further, the Service's post-petition liability is not referenced as an administrative expense on page 8 of the Disclosure Statement.

**Plan Proposes to Create to New Entities**: Debtor lost its exempt state with the Service after failing to file required 990 tax returns. Pursuant to paragraph A "Description and History of the Debtor's Business" on page 4 of the Disclosure Statement, and the Memorandum in Support of the Disclosure Statement, Debtor intends to reapply for exempt status with the Service and create a non-profit foundation funded in large part by a for-profit corporation, "NVFD, Inc." Pursuant to the Memorandum, it is Debtor's intent to restructure into 2 entities, "NVFD, Inc." a for-profit corporation, and "Neff Volunteer Fire Department," a non-profit corporation. This will allegedly allow the non-profit entity to receive funding as a 501(c)(3) entity. Debtor proposes to transfer most of its tangible and intangible assets, including current federal tax identification number, to "NVFD, Inc. The Service has Notices of Federal Tax Liens recorded against "Neff Volunteer Fire Department." The proposed transfer of assets, which includes several parcels of real property, is objectionable. Paragraph 7.07 on page 5 of the Plan reads, in part, "Creditor liens shall apply to property owned by the Debtor pre-petition regardless of post-petition ownership after reorganization." This is objectionable in that the Notice of Federal Tax Lien filed on the pre-petition tax liabilities attach to after-acquired property. The Plan appears to limit the potential

future assets to which the Notice of Federal Tax Lien may attach.

Further, it is unclear as to whether the Court would even have jurisdiction over these 2 newly created entities as they are not debtors in this case. Finally, the Disclosure Statement and Plan fail to state with sufficient particularity which assets will be transferred, how the company's will be capitalized, and the source of these funds. Much more information would be required in order to evaluate the proposed establishment of 2 new entities.

**Plan Provides Inadequate Remedies for Default**: There are no default provisions in the proposed Plan and as such, the Plan provides inadequate remedies in the event of default. Should default occur, the Plan will make this Court the government's tax collector and will impose further delay and expense in the collection of the tax claims of the United States through a Chapter 7 bankruptcy. In the event of default, the United States should be allowed to proceed with the type of collection it normally would have employed in the absence of bankruptcy and should have the rights it would have had but for the bankruptcy filing of the debtor.

The Plan should specifically provide that upon a default under the plan, the administrative collection powers and the rights of the United States will be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of Notice of Federal Tax Lien and the powers of levy, seizure, and sale under the Title 26 of the United States Code. Proposed language to accomplish this purpose is as follows:

> (A)   If the debtor fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the debtor or the successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that the debtor is in default of the plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or debtor is in default.
>
> (B)   If the United States declares the debtor or the successors in interest to be in default of the debtor's obligations under the plan, then the entire imposed liability,

5

together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the debtor or the successor in interest.

(C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of Title 26 of the United States Code.

As default is almost certain in this case, this provision is of the utmost importance.

WHEREFORE, the United States of America respectfully requests that the Court deny provisionally approving the Debtor's Disclosure Statement, deny confirmation of Debtor's proposed plan, and that this case be dismissed.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

/s/ Bethany J. Hamilton
BETHANY J. HAMILTON (0075139)
Assistant United States Attorney
303 Marconi Blvd., Ste. 200
Columbus, Ohio 43215
614-469-5715 / Fax 614-469-5240
Email: bethany.hamilton@usdoj.gov

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on <u>August 24, 2015</u>, service of the foregoing was made by electronic filing with the Clerk of the United States Bankruptcy Court, using the CM/ECF system, which will send notification of such filing to the parties listed below:

   U.S. Trustee's Office

   Arnold White, Attorney for the Debtor

   Donn Rosenblum, Attorney for Bureau of Workers' Compensation

The undersigned hereby certifies that on the same date, copies of the foregoing pleading were served by United States Postal Service, first class, postage prepaid, to the following non CM/ECF participants:

   The Neff Volunteer Fire Department
   54044 Pike Street
   P.O. Box 227
   Neffs, Ohio 43940

   /s/ Bethany J. Hamilton
   BETHANY J. HAMILTON (0075139)
   Assistant United States Attorney